## INGOLD v. INGOLD.

District Court, S. D. New York.
Oct. 26, 1939.

Maurice J. Speiser, of New York City (Lazarus Rosenblatt, of New York City, of counsel), for plaintiff.

Palmer & Ryan, of New York City, for defendant.

CONGER, District Judge.

*The motion of the defendant is denied.*

This action, which involves a considerable sum of money, was discontinued after issue joined, by the plaintiff and defendant entering into a stipulation, in and by which they consented to the dismissal of the action. The action is based upon contract; the stipulation was made and entered into and signed by the plaintiff without the knowledge or consent of her attorney, and made and entered into by the defendant with knowledge, either actual or constructive, that the plaintiff's attorney had an interest in the lawsuit by way of his fee.

True, the plaintiff did discharge her attorney at or about the time of the signing of the stipulation of discontinuance, and the client has a right to discharge her attorney, where he is hired on a contract, his payment to be a contingent fee, any time before the contract, by its terms is to expire, but the client is liable for the services rendered if the discharge is wrongful. E. Chase Crowley v. Laura A. Wolf, 281 N.Y. 59, 22 N.E.2d 234, decided July 11, 1939.

There is no intimation by the plaintiff in these papers, that the conduct of her attorney was, in any way, wrongful or that he did not fulfill his full duty toward her. As a matter of fact, she has made no affidavit in this proceeding, and there is nothing from her before me, except the letter of dismissal and the stipulation of dismissal.

This application is made on behalf of the defendant.

The pertinent part of Rule 41 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, namely, Rule 41(a) (1), was never intended as a cloak whereby a client might settle or discontinue a lawsuit, and disregard entirely the interest of the attorney in the lawsuit. As a matter of fact, Rule 41 was intended for the purpose of setting forth and curbing the right of a plaintiff to discontinue actions, and simplify a practice which heretofore has never been clearly outlined.

The plaintiff's attorney claims a lien herein. He should have every opportunity of asserting his lien and protecting the rights which the law gives him. It should not be defeated by a discontinuance of the action by the parties without notice to him.

Section 475 of the Judiciary Law of the State of New York, Consol.Laws, c. 30, gives him such a lien, and further states: " * * * and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination".

"The state statute creates an equitable right and remedy which may be enforced on the chancery side of the federal courts sitting in New York". Nic Projector Corporation v. Movie-Jecktor Co., Inc., D.C., 16 F.Supp. 605, 606.

The case of Woodbury et al. v. Andrew Jergens Co. et al., 2 Cir., 69 F.2d 49, 50, is well in point: "If the dismissed attorney has not misconducted himself, ordinarily he must be paid or secured, before any order will be made ousting him, and for this reason, if there is a dispute, the court must determine whether he has forfeited his rights, and will ordinarily do so in the suit itself. In re Badger, 9 F.(2d) 560 (C.C.A. 2). So much is clear, at least when there is to be a substitution; and would, we should suppose, scarcely be denied. Here no substitution was asked, but the situation was no different because of that. The suit could not itself be terminated until the validity of the lien

was decided, for the appellants were in effect parties plaintiff. Although the plaintiff could have settled it on any fair terms behind the appellants' backs (Poole v. Belcha, 131 N.Y. 200, 30 N.E. 53; Fischer-Hansen v. Brooklyn Heights R. R., 173 N.Y. 492, 66 N.E. 395; In re Levy, 249 N.Y. 168, 163 N.E. 244); their concurrence or their elimination was necessary to any satisfaction."

Settle order on notice.