**Georgios KATOPODIS, Plaintiff,**

v.

**LIBERIAN S/T OLYMPIC SUN, etc., et al., Defendants.**

**No. 847.**

United States District Court
E. D. Virginia,
Newport News Division.

Feb. 23, 1968.

---

1. 46 U.S.C. § 183(e).

Burt M. Morewitz, Newport News, Va., for plaintiff.

Harry E. McCoy, Norfolk, Va., for defendants.

## MEMORANDUM

KELLAM, District Judge.

On May 10, 1966, Georgios Katopodis filed this seaman's action against defendants. Defendants, through counsel, accepted service of process. Various motions and answer were filed, along with motions for production of documents, interrogatories, motion for default judgment, notice of taking of discovery, etc. After hearings, a default was entered February 1, 1967, in favor of plaintiff on all causes of action with direction that the case proceed, as scheduled, as to damages only. Numerous requests for admission of facts and genuineness of documents were filed. In most instances they were not answered. The case was set for trial for July 21, 1967, but continued. Statements from plaintiff, executed in Greece, were filed, in the first of which he related how defendant had tried to make a settlement with him behind the back of his counsel, and had made numerous promises to him, which were not fulfilled. In later statements he announced his desire to revoke the power of attorney given his Virginia counsel and to dismiss this suit. A letter from the plaintiff was forwarded to Honorable Walter E. Hoffman, Chief Judge of this Court, wherein plaintiff stated he wished to revoke his power of attorney given to his Virginia counsel (and his counsel in Greece) and to have this suit dismissed. Upon hearing held August 29, 1967, on motion, Burt M. Morewitz, Virginia counsel for plaintiff, was ordered made a party plaintiff, so far as his interest may appear herein. The genuineness of plaintiff's signature to the above referred to documents is admitted.

Depositions of plaintiff were taken on November 14, 1967, before the United States Vice Consul at Athens, Greece, and filed in this suit, wherein plaintiff stated he wished to revoke the power of attorney given to his Virginia and Athens counsel, and to dismiss the suit. At a hearing held February 6, 1968, at Newport News, Virginia, for the purpose of (a) determining whether the suit should proceed, and (b) if not, what sum should be allowed plaintiff's counsel for services herein, the following were offered in evidence and objected to:

(1) Sworn statement of deposition of Dr. Anestis, marked "Exhibit A,

2/6/68." Objection is made to its admission because taken without notice to defendant.

(2) Letter from Dr. Sydney Bassin to Mr. Morewitz, with copy of a letter from said doctor to Bozes attached marked "Exhibit B, 2/6/68", objected to as hearsay, etc.

(3) Letter from Dr. DeLuccia to Mr. Morewitz dated April 12, 1968, marked "Exhibit C, 2/6/68", objected to as hearsay.

(4) Statement from Seamen's Hospital dated March 20, 1967, marked "Exhibit D, 2/6/68", objected to as hearsay.

(5) X-rays from Athens, Greece, marked "Exhibit E, 2/6/68."

Each of the above exhibits deals with the alleged physical condition of plaintiff. Since we are not here concerned with the physical condition of plaintiff, it seems of little moment whether they are admitted or not.

■ Mr. Morewitz suggested that the plaintiff may not be mentally capable of revoking the power of attorney or directing that the suit be dismissed. However, there is nothing in the record before the Court to establish that he is not mentally capable. The deposition of November 14, 1967, does not so indicate, nor do any of the medical records mentioned above. Hence, the Court will follow the presumption of law that he is mentally capable and the burden is on one alleging the contrary to prove it.[1]

It appears from the proceedings, written memoranda filed, and statements in the record, that—

1. A representative of the defendant in the United States made an offer of settlement of $8200.00 plus the hospital bill of approximately $700.00. This offer of settlement was submitted to each party, and was accepted by plaintiff. (See depositions of 11/17/67 and attachments).

2. That after the above recommendations defendant, knowing of the proposed terms, contacted plaintiff and agreed upon a settlement of his claim directly with him. Local counsel were not parties to or in any way involved in this conduct. (See deposition of 11/17/67, and attachments).

3. That Mr. Morewitz held a contract with, and power of attorney from, plaintiff, authorizing and directing him to handle this litigation for plaintiff and agreeing to pay him a fee of fifty per cent of any sum recovered. Notice of this lien was given in writing to defendant prior to time of instituting this suit.

■ A plaintiff has the right to make settlement of his claim directly with defendant and without the knowledge or consent of his employed counsel.[2] But, by so doing, he cannot deprive the attorney of his fee.[3] He cannot, however, dismiss the action, where defendant has appeared, except by order of the Court and upon such terms and conditions as the Court deems proper. Rule 41(a) (2) of Federal Rules of Civil Procedure.

■ Under the statute in Virginia, an attorney has a lien upon the cause of action as security for his fee, and where notice has been given to the opposing party (defendant) any settlement shall

1. Jones v. Commonwealth, 202 Va. 236, 117 S.E.2d 67; Christian v. Commonwealth, 202 Va. 311, 117 S.E.2d 72; Noble v. Sigler, 351 F.2d 673 (8th Cir. 1965).

2. Monsanto, etc. v. Grandbush, 162 F.Supp. 797, 802 (D.C.Ark.1958); Ingold v. Ingold, 30 F.Supp. 347, 348 (D.C.N.Y. 1939); 7 Am.Jur.2d § 223 p. 177.

3. In re Hoy's Claim, 93 F.Supp. 265, 266 (D.C.Mass.1950); Monsanto Chemical Co. v. Grandbush, 162 F.Supp. 797, 802 (D.C.Ark.1958); Kotsifakis v. A Lusi, etc., 138 F.Supp. 945, 946 (D.C.Va.1955); 7 Am.Jur.2d § 223, p. 177.

be void against the lien so created. The lien also includes expenses.[4]

In cases where plaintiff and defendant, without the knowledge or consent of plaintiff's attorney, have settled their dispute and the attorney holds a contract for a contingent percentage of any recovery, the authorities differ as to whether the recovery is the percentage called for by the contract, or on a quantum meruit.[5] It is of no particular moment here, for the use of either method would produce about the same result. It appears that under the plan submitted through plaintiff's counsel, recommended by defendant's local counsel, plaintiff would have received about $3,600.00 net to him. It has been suggested that in the settlement which defendant negotiated directly with plaintiff, he has been promised about $3,300.00 net, plus some special advantage.

■ There is no question that defendant in negotiating the settlement with plaintiff "behind the back" of plaintiff's counsel, and its own local counsel, knew of the plaintiff's counsel's lien, the recommended settlement, the approximate net amount which plaintiff would have received, and all of the facts and circumstances, and that it acted in bad faith. After the action was commenced, the attorney was a party in interest to the litigation. The defendant settled the litigation with plaintiff at his peril. Where he does so, as here, in bad faith or to prevent the attorney from collecting his fee, defendant is liable therefor.[6]

■ Plaintiff's counsel has been made a party to these proceedings, and may prosecute the same to recover his fee.[7]

In view of the services performed and the contract, Mr. Morewitz is entitled to recover of defendant as fee for his services $4,100.00, plus his out-of-pocket expenses as shown by statement filed herein of $437.65.

The actions and conduct of defendant are reprehensible. Proper action must be taken to prevent this from happening in the future. If a defendant (who finds himself facing a trial where the only issue is the amount of damages) is permitted to sneak behind the back of plaintiff's counsel and by some agreement with plaintiff destroy the plaintiff's claim and his attorney's lien for services, we will destroy the usefulness of the courts and confidence of the public therein. Every effort should be made to prevent this. While awards in such cases should not necessarily be made as punishment to a defendant, it should be firm enough to let such a party know the courts will not approve or permit it.

It should be noted in passing that the Court has just been put on notice of identical action in what appears to be the sister ship of the defendant's OLYMPIC SUN.[8] Nor is this the first time this type of conduct has been performed by this defendant. It is but a pattern of defendant's conduct.

4. Va.Code 54–70; Monsanto, etc. v. Grandbush, 162 F.Supp. 797, 803 (D.C.Ark. 1958).

5. Spahn v. United States, 92 F.Supp. 992, 993 (Va.D.C.1950); United States v. Hudson, 39 F.Supp. 797, 802 (D.C.Mont. 1941); Dombey, etc. v. Detroit, etc., 351 F.2d 121, 127 (6th Cir. 1965); 7 Am. Jur.2d § 256, p. 190, Anno. 136 A.L.R. 241.

6. Lehigh & N. E. R. Co. v. Finnerty, 61 F. 2d 289 (3rd Cir. 1932) and cases there cited; 7 Am.Jur. § 305.

7. In re Hoy's Claim, 93 F.Supp. 265, 267 (D.C.Mass.1950); Monsanto, etc. v. Grandbush, 162 F.Supp. 797, 802 (D.C.Ark. 1958); Ingold v. Ingold, 30 F.Supp. 347, 348 (D.C.N.Y.1939); United States v. Hudson, 39 F.Supp. 797, 800, 801 (D.C. Mont.1941); Anno. 67 A.L.R. 462, 146 A.L.R. 71; Woodbury v. Andrew Jergens Co., 69 F.2d 49, 50 (2d Cir. 1934); Burkhart v. Scott, 69 W.Va. 694, 72 S.E. 784, 786 and cases cited.

8. Mauroulakis v. Olympic Gulf, Civil Action No. 1326.