PER CURIAM.
Appellant seeks review of an order of the trial court enforcing a judgment of settlement, stipulated to in open court by appellant and appellees, and denying his amended motion for a new trial or hearing.
It is appellant’s contention that the trial court erred in refusing to relieve him from the obligations assumed under the stipulations incorporated in the judgment of settlement, because, allegedly, he was induced to enter into them through fraud and misrepresentation on the part of appellees.
After a hearing on appellant’s objections to the enforcement of the judgment of settlement, the trial judge found that there was nothing to show any fraud or misrepresentation. Thereupon, the trial court entered an order enforcing the terms of the judgment of settlement and denying appellant’s amended motion for a new trial or hearing.
It is incumbent upon a party seeking to avoid the consequences of stipulations entered into in open court to show good cause why the terms of such stipulations should not be enforced. See Dunscombe v. Smith, 139 Fla. 497, 190 So. 796; and Esch v. Forster, 123 Fla. 905, 168 So. 229. Here, the trial judge found that appellant had failed to show good cause to entitle him to be relieved of the obligations under the stipulations. This finding arrives in this court with a presumption of correctness, and appellant has failed to make any error appear on appeal. See, e. g., Imperial Lumber Co. v. James Knowles, Inc., Fla.App.1972, 267 So.2d 53; Frasee v. Frasee, Fla.App.1966, 185 So.2d 484; Wrains v. Rose, Fla.App.1965, 175 So. 2d 75; and 2 Fla.Jur., Appeals §§ 313 and 316. Therefore, the judgment of settlement and order appealed are affirmed.
Affirmed.