## Richmond

### ALBERT L. FARY, JR. v. JOHN F. AQUINO, INDIVIDUALLY AND T/A ETC., ET AL.

March 3, 1978.

Record No. 761385.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*J. Wayne Sprinkle* for plaintiff in error.

*Steven Lieberman, Assistant City Attorney; Maurice Steingold (Gordon B. Tayloe, Jr., City Attorney; H. Joel*

*Weintraub; Richard H. Matthews; Steingold, Steingold & Nachman,* on briefs), for defendants in error.

HARMAN, J., delivered the opinion of the Court.

By this writ of error Albert L. Fary, Jr. (Fary), an attorney, challenges the trial court's action in sustaining demurrers filed to his amended motion for judgment [1] by John F. Aquino (Aquino) and the City of Portsmouth (the City).

In sustaining the demurrers to Fary's action to enforce his lien for attorney's fees, the trial court, in its letter opinion, treated the following facts as well pleaded in the amended motion:

"The Sherrill Construction Corporation, owned by Fred B. Sherrill, entered into a contract with the City of Portsmouth to perform certain work for the City in the project known as the Middle Street Mall. The construction company, after partially completing the work on the Mall, and it not having been paid by the City, employed Mr. A. L. Fary, Jr. as its attorney on a contingent fee basis to institute suit against the City. The contingent fee contract was executed on November 11, 1973 and notice thereof was sent to the City. Suit was filed by the attorney on January 31, 1974.

"Without Mr. Fary's knowledge or consent but for a valuable consideration, Fary's client, the Sherrill Construction Corporation, on the 19th day of February, 1974 released the City of Portsmouth from all contractual obligations to it and assigned them to John F. Aquino, trading as the Superior Concrete. The said Aquino thereafter completed the King Street improvements to the Mall.

"At a later date in a suit before this Court between all parties herein the Court entered a judgment declaring that the Sherrill assignment was absolute and Aquino was entitled to all the rights of Sherrill in the contract Sherrill had with the City [2]. . . . Pursuant to this order, the City settled its obligations with Aquino."

---

[1] This is a law action instituted by motion for judgment. Demurrers to the motion for judgment were sustained with leave granted Fary to amend. Fary, who was then representing himself, filed a paper captioned "Amended Bill of Complaint" within the time permitted by the trial court. Since this is a law action we will treat this amended pleading as an amended motion for judgment.

[2] The final order in the earlier proceeding expressly provided:

"The court . . . makes no ruling on attorney's fee claimed by the attorney representing Sherrill Construction [Corporation], if any attorney's fee lien exists."

■ The trial court sustained the demurrers, holding that the attorney's fee lien perfected by Fary under Code § 54-70 was defeated by the subsequent assignment to Aquino of Sherrill's rights under the contract. We reverse.

Code § 54-70 provides:

"Any person having or claiming a right of action sounding in tort, or for liquidated or unliquidated damages on contract, may contract with any attorney at law to prosecute the same, and such attorney shall have a lien upon such cause of action as security for his fees for any services rendered in relation to the cause of action or claim. And when any such contract shall be made, and written notice of the claim of such lien shall be given to the opposite party, his attorney or agent, any settlement or adjustment of such cause of action shall be void against the lien so created, except as proof of liability on such cause of action. Nothing in this section shall affect the existing law in respect to champertous contracts."

Since Fary gave the required written notice of lien to the opposite party, the City, his lien for attorney's fees was duly perfected under the statute, and Sherrill's subsequent assignment of its rights to Aquino did not defeat the perfected lien.

■ The effect of Sherrill's action was to terminate its right to further proceed in its action against the City and, in effect, discharged the attorney, Fary, without just cause. In those circumstances, since Fary was discharged without just cause before he had rendered all of the services which were contemplated by the contingent fee agreement, Fary is entitled to recover a fee based upon *quantum meruit* for services rendered prior to his discharge and, as security for such fee, to the lien granted by Code § 54-70. *Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958, 234 S.E.2d 282 (1977).

Therefore, we will reverse the judgment below and the case will be remanded.

*Reversed and remanded.*