384 So.2d 28 (1980)
THE FLORIDA BAR, Petitioner,
v.
W.H.P., Respondent/Petitioner.
No. 55588.
Supreme Court of Florida.
May 15, 1980.
*29 Leon B. Cheek, Bar Counsel, Altamonte Springs, David G. McGunegle, Branch Staff Counsel, Orlando, and John A. Boggs, Asst. Staff Counsel, Tallahassee, for petitioner.
W.H.P., in pro. per.
PER CURIAM.
The petitioner, W.H.P., respondent before the referee, asks us to review a report of the referee in grievance proceedings recommending that petitioner be privately reprimanded by the board of governors and that petitioner make restitution to his client in the amount of $200 plus the interest from November 1, 1976. The report of the referee contains the following findings of fact:
B. In April of 1976, the Legal Aid Society of the Orange County Bar Association, referred a legal aid client, L.M. to Respondent for representation in a domestic relations matter. The referral letter advised Respondent not to charge the client a fee but noted that Respondent was not precluded from seeking a fee from the adverse party. Any question of client eligibility was requested to be in writing. Respondent does not recall whether or not he read the letter in its entirety. Nevertheless, he undertook the representation of L.M. and filed a Petition for Dissolution of Marriage in her behalf. At the outset, Respondent filed a Certificate of Attorney along with his client's Certificate of Indigency whereby Respondent certified that he has not been paid or promised payment of any remuneration from L.M. for his services and that he intended to represent her without compensation. Respondent admits that his client was led to believe that no charge would be assessed for such representation.
Respondent, during the course of his representation never questioned his client's eligibility as a legal aid client.
C. It appears that the Husband, S.M., also applied to the Legal Aid Society for legal assistance on or about April 28, 1976. S.M. was referred to J.T., an Orlando attorney, for representation. It was later determined that S.M. did not meet the economic guidelines of indigency; thus, J.T. requested and received a written waiver from the Legal Aid Society permitting him to continue with his representation on a fee bases.
D. During the period June through October of 1976, various temporary hearings were held and negotiations took place respecting settlement of the marital affairs. It appears that counsel for both sides represented their clients vigorously and competently. A Settlement Agreement was executed on or about November 4th and a Final Judgment of Dissolution entered November 22, 1976.
E. During the latter part of negotiations, L.M. made certain concessions in exchange for S.M.'s agreement to give her full title to the house and satisfy his delinquent obligation for temporary child support. As one of these concessions, L.M. agreed to withdraw her claim for attorney's fees against her husband.
F. Prior to the final hearing, temporary support checks were mailed from the Clerk's office to Respondent as counsel for L.M. In late November, Respondent's secretary called L.M. and asked her to come in and endorse support checks totalling $259.00. L.M. endorsed the checks and W.H.P. issued his check to her in the amount of $59.00, retaining $200.00 of the support funds as an attorney's fee.
G.L.M. later complained to the Legal Aid Society that she had been charged a fee. By letter to L.M. dated December 7, 1976 Respondent informed her that he would refund the $200.00 but would then require her to pay an attorney's fee of $600.00; and that he was prepared to place a lien on her property and pursue collection methods to obtain the full amount. Respondent has not returned any of the money to L.M.
Petitioner asserts that he has a personal right to attorney's fees. In support of this assertion he cites section 61.16 of Florida *30 Statutes (1977). This statute does give an attorney a personal (in his own name) enforceable action for fees, but only after a court has entered a discretionary order which directs payment directly to the attorney. There was no such order issued here. It follows that petitioner has no statutory personal right to attorney's fees in the dissolution case.
The referral letter from the Legal Aid Society of Orange County, Inc., by which petitioner was appointed counsel for his clients stated that he should not charge the client a fee for his services. This did not preclude him from seeking a fee from the opposing party. Under the Legal Aid Society's guidelines and according to directions contained in the referral letter, any deviation from non-fee status was to be by written request and waiver. Petitioner admittedly did not comply with these guidelines. By failing to secure a waiver of the Society's guidelines, petitioner was precluded from asserting any fee claim against his client.
Petitioner accepted representation of an indigent Legal Aid client on a non-fee basis. He had no legal or personal basis for charging his client a fee. By charging his client a fee without seeking a waiver as prescribed in the guidelines, petitioner violated Florida Bar Integration Rule, article 11, Rule 11.02(3)(a) and Florida Bar Code of Professional Responsibility Disciplinary rule 2-106(C) and 7-101(A)(2).
We approve the findings of guilt recommended by the referee. Petitioner shall submit personally to the Board of Governors of The Florida Bar to receive the recommended private reprimand.
Costs in the amount of $587.55 are taxed against petitioner.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion, with which BOYD, J., concurs.
ADKINS, Justice, dissenting.
Admittedly petitioner had a right to seek attorney's fees against the husband. However, during the negotiations which resulted in L.M. acquiring full title to the house, she agreed to withdraw her claim for attorney's fees against the husband. Petitioner says that L.M. agreed to pay his fee in lieu of trying to collect the attorney's fee from her husband so as not to endanger the settlement which she thought highly advantageous to her. This was denied by L.M.
Although petitioner should have followed the better course and secured a waiver from the Legal Aid Society, I do not believe that his securing the $200 fee was in any way unethical. Under the circumstances of this case, particularly in view of the property settlement, I do not believe that the failure to secure the waiver is a sufficient ground upon which to base grievance procedures.
In my opinion the grievance proceedings should be dismissed and costs should be taxed against the Florida Bar.
BOYD, J., concurs.