PER CURIAM.
This is an appeal from a final judgment in a dissolution of marriage case as consolidated with an appeal relating to a motion to set aside a post-judgment settlement agreement. After entry of the final judgment, the appellant/wife filed a notice of appeal. While the appeal was pending and the final judgment was unsuperseded, the parties entered into a post judgment settlement agreement. Thereafter, the wife moved to set aside the agreement asserting duress and other grounds. An evi-dentiary hearing occurred on the motion to set aside and the trial court denied the motion and ordered the parties to comply with the agreement. In a situation such as this, evidence of over-reaching, fraud, coercion, or deceit must be clear and convincing. Veiock v. Veiock, 391 So.2d 793 (Fla. 1st DCA 1980). The decision of the trial court in granting or denying the motion to set aside a settlement rests on the sound discretion of that court. Hartley v. Hartley, 134 So.2d 281 (Fla. 2d DCA 1961). In the instant case, there was clear evidence in support of the voluntary nature of the settlement agreement between the parties and the trial court did not commit an abuse of discretion in failing to set it aside. All other arguments by appellant on this issue are without merit. We affirm the order denying the motion to set aside settlement. The parties are thus bound by their post judgment settlement and all issues as to the judgment are rendered moot.
AFFIRMED.
DOWNEY, BERANEK and WALDEN, JJ., concur.