501 So.2d 1386 (1987)
Allan A. KOZICH, Appellant-Cross Appellee,
v.
Gloria J. KOZICH and William H. Stolberg, Appellees-Cross Appellants.
No. 85-2516.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
S. Robert Zimmerman, P.A., Pompano Beach, and Philip Burlington and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant-cross appellee.
Law Offices of Richard A. Sherman, P.A., and William H. Stolberg of Shankweiler & Stolberg, Fort Lauderdale, for appellees-cross appellants.
HERSEY, Chief Judge.
In this action initially involving a dissolution of marriage, the husband and wife entered into a partial settlement of certain obligations incorporated into a Final Judgment. Thereafter, the wife's attorney moved to establish a charging lien for unpaid attorney's fees. His claim, as to the wife, was based upon contract as to the rate of compensation and upon hours spent as to the amount of compensation. His claim, as to the husband, was based upon language in paragraph 6.C. of the Final Judgment, the pertinent portion of which provides: "The Wife has prayed for attorney's fees and costs, and the Husband shall pay a portion of same, upon further hearing... ." Paragraph 6.F. provided: "Jurisdiction is retained to enforce this final judgment as well as the issue of attorney's fees and costs."
The settlement agreement involved payment of $93,000 to the wife by the husband and stated, inter alia: "The Husband has satisfied by settlement and payment of certain cash monies, the Wife's claim for attorneys (sic) fees and costs, ..." This is repeated at various times and in various forms throughout the agreement and is accompanied by the wife's agreement to hold the husband harmless from any claims *1387 for attorney's fees, any charging lien, and other specified claims.
The wife paid into the registry of the court, pursuant to court order, the sum of $20,000.00. She had previously paid her attorney, Stolberg, the sum of $9,000.00. The claim for a charging lien for the balance of attorney's fees was originally $40,240.75, after credit for the $9,000.00 paid.
The trial court took testimony and in the exercise of its "equitable powers" ordered enforcement as to $19,000.00 of the amount claimed, to be paid out of the registry of the court. The court (1) specifically declined to make a finding as to the total amount of a reasonable fee, holding only that it would exceed $28,000.00; (2) found that the wife had agreed to pay her attorney a reasonable fee and that the wife and her attorney had agreed that funds were to come from money recovered by the wife in the dissolution; and (3) held that its order was without prejudice to the attorney proceeding in an action at law against either the wife or the husband to recover the balance of attorney's fees due for services to the wife.
This appeal presents the issue of whether the wife's attorney may proceed against the husband directly for fees owed by the wife. By cross appeal the attorney questions whether the court erred in failing to permit enforcement of a charging lien for the full amount of his fees.
We find that the policy underlying the granting and enforcement of charging liens and the requirements for perfection of such a lien explained by Justice Ehrlich in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., v. Baucom, 428 So.2d 1383 (Fla. 1983), are present in this case. By the same authority, however, we hold that the trial court erred in suggesting that the attorney may proceed against the husband to collect fees owed by the wife. Whether the final judgment or the settlement came first, on these facts the husband is not liable for the wife's attorney's fees. As the court stated in Wallace v. Townsell, 471 So.2d 662, 664 (Fla. 5th DCA 1985), "The parties to a civil action have the right to settle the controversy between them by agreement at any time and an agreement settling all issues in the case is binding not only upon the parties but also upon the court." This applies with equal force to a settlement made after judgment has been entered. See Wagner v. Mack, 422 So.2d 1045 (Fla. 4th DCA 1982), rev. denied, 431 So.2d 990 (Fla. 1983). To be distinguished from the foregoing, in this context, would be a judgment affecting not only the husband and wife but also the attorney under circumstances activating the right to enforce an award in the attorney's own name under section 61.16, Florida Statutes (1985). This occurs "only after a court has entered a discretionary order which directs payment directly to the attorney." The Florida Bar v. W.H.P., 384 So.2d 28, 30 (Fla. 1980). That very clearly is not the case here. There was no award of fees directly to the attorney in the final judgment. See Keister v. Keister, 458 So.2d 32 (Fla. 4th DCA 1984), rev. denied, 466 So.2d 217 (Fla. 1985). We therefore hold that the attorney has no enforceable right to proceed against the husband for fees owed by the wife on the facts of this case.
The trial court found that the attorney was entitled to a charging lien for fees owed by the wife, but declined either to determine the amount of a reasonable fee (other than stating that it would exceed $28,000), or to permit enforcement of the lien for the total amount of fees found to be owed. There is no authority for either of these rulings by the trial court and both contravene important policy considerations. By refusing to determine the amount of a reasonable fee in the dissolution proceedings and providing that the attorney may proceed "by suit at law for the balance of attorneys [sic] fees due and owing," the trial court has created the necessity for another lawsuit. Avoiding multiplicity of suits is a policy underlying a number of legal devices including the recognition of class actions. Refusal to enforce an attorney's charging lien for the full amount of an earned fee contravenes the policy underlying *1388 this equitable remedy, early expressed by our supreme court and quoted with approval in Sinclair:
While our courts hold the members of the bar to strict accountability and fidelity to their clients, they should afford them protection and every facility in securing them their remuneration for their services. An attorney has a right to be remunerated out of the results of his industry, and his lien on these fruits is founded in equity and justice.
428 So.2d at 1385, quoting Carter v. Bennett, 6 Fla. 214, 258 (1855) (emphasis in original).
We therefore reverse this holding as well. On remand, upon appropriate application and after notice, the trial court should determine the amount of a reasonable fee and recognize the attorney's charging lien for the total amount due after credit for amounts previously paid.
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.