## CIRCUIT COURT OF FAIRFAX COUNTY

Walton & Adams, P.C.

v.

D & H Distributing Co.

November 15, 1993

Case No. (Law) 118716

BY JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on Plaintiff's Motion for Judgment, pursuant to Va. Code Ann. § 54.1–3932, for collection of an attorneys' fees lien in the amount of $17,970.55 with 9% interest *per annum* from June 5, 1992, until paid and costs. Defendant asserts a plea in bar that Defendant has satisfied all legal obligations pursuant to an order of this Court.

After careful consideration of the cogent legal arguments in this case, and a review of the applicable law, the Court sustains Defendant's plea in bar.

The Court has carefully reviewed this case and finds for the purposes of this decision the following pertinent facts.

Plaintiff is a law firm which represented Frances J. Sterner on a contingency fee arrangement for a personal injury claim against Defendant. Plaintiff rendered legal services on behalf of Mr. Sterner from December 26, 1989, to January 31, 1991, until Mr. Sterner informed the firm that he had retained another firm, Miller & Vitale, P.C., as counsel for his claim. Notice was given by Plaintiff to Mr. Sterner of a lien for attorneys' fees, pursuant to Va. Code Ann. § 54.1–3932, on or about February 26, 1991. On August 14, 1991, Plaintiff gave notice to counsel for Defendant of the lien for attorneys' fees. Defendant reached a settlement of $75,000 with Mr. Sterner in the underlying personal injury claim. Defendant attempted to make the settlement payable to Mr. Sterner and the initial attorneys in the case, Walton & Adams. Miller & Vitale refused to accept payment unless that firm and

Mr. Sterner were the only payees. On July 10, 1992, argument was heard on a Motion to Compel Payment to Plaintiff Sterner in the case of *Frances J. Sterner, Jr. v. D & H Distributing Co., et al.*, Law No. 105532. The Court ordered Defendant to make payment only to Mr. Sterner and Miller & Vitale, P.C., on July 15, 1992.

Plaintiff correctly concludes that Va. Code Ann. § 54.1–3932 requires notice be given to the opposite party to perfect a lien for attorneys' fees. *See Fary v. Aquino*, 218 Va. 889, 891 (1978) (stating that a lien is perfected once the attorney's written notice of lien is given to the opposite party). In this case, notice was properly given to Mr. Sterner, to counsel for D & H Distributing Co., and to Miller & Vitale via attorney Michael J. Miller. Accordingly, the lien is considered perfected.

Plaintiff Walton & Adams asserts that "D & H acted at its own peril in settling the case first and then attempting to recognize the plaintiff's lien." (Plaintiff's Memorandum of Points and Authorities in Support of Opposition to Plea in Bar at 4.) Plaintiff cites *Katopodis v. Liberian S/T Olympic Sun*, as support for a strict construction of the applicable Virginia Code and the proposition that "in Virginia, an attorney has a lien upon the cause of action as security for his fee, and where notice has been given to the opposing party any settlement shall be void against the lien so created." 282 F. Supp. 369, 371–72 (E.D. Va. 1968).

However, the court in *Katopodis* further held that the defendant had acted in bad faith, and stated that when a defendant acts "in bad faith or to prevent the attorney from collecting his fee, defendant is liable therefor." *Katopodis*, 282 F. Supp. at 372. That court clearly emphasized bad faith as the crucial element placing the defendant at peril. In the instant case, D & H Distributing Co. attempted to satisfy the lien through payment of the settlement until it was ordered by the Court to make payment to Mr. Sterner and Miller & Vitale. No bad faith is apparent. To the contrary, the record indicates a good faith effort was made by Defendant's counsel to protect both Defendant and the lienholder. The Court concludes that the attorney's lien statute should be interpreted with an implied bad faith requisite. Because the Defendant has not acted in bad faith to defraud an attorney of his fee, but rather in good faith, this Court holds that the defendant has satisfied its obligation.

Accordingly, Defendant's plea in bar is sustained.