GOSHORN, Judge,
dissenting.
I respectfully dissent. The settlement agreement allowed ninety days to comply with all conditions precedent. Instead of promptly availing itself of its right to cancel, Seabird waited almost seven months before attempting to terminate on October 10, 1995. In the meantime, all parties proceeded to comply with the terms of the agreement, and on October 6, 1995, the lone holdout sold his interest to a third party, who shortly thereafter (three weeks), notified Seabird of his intention to be included in the class. Under these circumstances, I cannot find that the trial court abused its discretion by electing to enforce the agreement. See Wagner v. Mack, 422 So.2d 1045 ( Fla. 4th DCA 1982), pet. for rev. denied, 431 So.2d 990 (Fla.1983); see also Villa v. Mumac Constr. Corp., 334 So.2d 274 (Fla. 3d DCA 1976). This is especially so because the law favors settlements. See Crosby Forrest Prods. Inc. v. Byers, 623 So.2d 565 (Fla. 5th DCA 1993); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981).