THE BOSTON AND COLORADO SMELTING COMPANY V. PLESS.

1. After notice to the judgment debtor of a *bona fide* transfer of the judgment, the rights of the assignee will be protected from any and all acts of the parties.

2. The statutory lien upon a judgment for the benefit of the attorney is a security of which he may avail himself or not, to obtain fees remaining due him and unpaid.

3. The judgment debtor being a stranger to the contract for fees between the judgment creditor and his attorney, the former is entitled to notice before being charged with liability for fees of such attorney, nor is such debtor obliged to take notice by virtue of the statute that the attorney will claim the benefit of the lien thereby provided for.

*Appeal from District Court of Park County.*

ON motion to dismiss cause.

The attorney who tried this cause in the court below and obtained the judgment for Pless, took a written assignment of one-half thereof as security for his fees. Upon the appeal this attorney employed Stuart Brothers, and re-assigned to them one-fourth of the judgment to secure their fees. Stuart Brothers rendered valuable services and incurred some expense in connection with the appellate proceedings. Judgment of affirmance was rendered in the supreme court, but a rehearing was afterwards allowed. Subsequent to the affirmance as aforesaid, Stuart Brothers placed upon the files of that court a notice informing appellant that they held an assignment of one-fourth of the judgment, the original assignment or a copy thereof having been previously filed in the court below. Thereafter, pending argument on the rehearing, appellant and appellee, without the knowledge or consent of Stuart Brothers, made a settlement of the controversy, the latter receipting payment in full of the judgment. The written release by appellee contains a stipulation that the *cause* may be dismissed. The motion to dismiss is now resisted by Stuart Brothers upon grounds stated in the opinion.

Messrs. Wilkin and Bailey, R. D. Thompson and E. O. Wolcott, for appellant.

Messrs. George'R. Gwynn, Stuart Brothers and A. W. Stout, for appellee.

Per Curiam.   The motion to dismiss must be allowed.

We are not advised by the record that the company (the judgment debtor) had notice or knowledge of the assignment to Stuart Brothers till after the settlement was made. Placing the assignment upon the files of the district court, and a written reference thereto on the files in this court, could not be regarded, under our laws, as notice to the company of the attorneys' rights through the assignment. There is nothing before us to show that either of these papers was ever seen by any officer or agent of the company, or the existence thereof mentioned to any such officer or agent, until after the settlement had been fully consummated.   Therefore, *as assignee*, Stuart Brothers are not in position to resist the motion under consideration.   Freeman on Judgments, sec. 426, and cases; Wade on Law of Notice, sec. 431.

"*After notice to the judgment debtor* of a *bona fide* transfer of the judgment, the rights of the assignee will be protected from any and all acts of the parties." *Stoddard v. Benton*, 6 Colo. 508.

Nor are Stuart Brothers aided by a reliance upon section 85 of the General Statutes, giving attorneys a lien for fees upon judgments obtained by them.   While this lien attaches to the judgment at once upon its recovery, as between attorney and client, so that nothing more is necessary prior to the enforcement thereof against the latter by a proper action, we are inclined to the opinion that to hold the judgment debtor for the creditor's attorney's fee, the former must be notified of the attorney's intention to take advantage of the statute.   If, without knowledge of this intention, either through a formal

notice or through credible information derived in some other way, the debtor make a *bona fide* settlement of the judgment with the creditor, by payment or otherwise, the attorney cannot look to the former for his unpaid fee.

The statutory lien is a security of the benefit of which the attorney may or may not avail himself. He is, of course, not entitled to it unless there remain due him unpaid fees. The judgment debtor is a stranger to the contract for fees between the judgment creditor and his attorney; hence, in our opinion, the former is entitled to notice before being charged with liability in the premises; he is not bound to presume, in the absence of information on the subject, that the attorney's fee of the latter has not been paid; nor is he by virtue of the statute required to take notice that the attorney will elect to claim the benefit of the lien thereby provided for.

It is more reasonable to suppose that the legislature intended to leave in force the common law rule requiring notice in such cases. Stating this common law rule, see Wharton's Agency, secs. 628, 629; Weeks on Attorneys, secs. 379, 384.

We are aware that there is at least one state, wherein, under a statute somewhat similar to our section 85, it is held that the judgment debtor is charged *without notice*. But we do not feel satisfied with the reasons stated in support of this view, and have therefore declined to follow the opinions announcing it.

The position taken in some decisions, that, where a judgment is for costs only, the record is itself notice to all parties of the attorney's lien thereon for his costs, need not be here considered; because, in the first place, we are dealing with a statute which does not refer to costs, and secondly, such was not the judgment in the case at bar. There is no pretense that actual notice of the reliance by Stuart Brothers upon the statute was given the company until after the settlement; and simply placing

the papers above mentioned upon the files was not constructive notice to the company of their intention in the premises.

*The motion is allowed.*