JOHNSON ET AL. v. McMILLAN ET AL.

ATTORNEY'S LIEN — SURETIES ON APPEAL BOND.

1. WHEN LIEN FOR FEES TAKES EFFECT.— When an attorney has obtained a judgment for his client, the statute immediately invests him with a lien thereon to the extent of his reasonable fees re-

maining due and unpaid for his professional services in obtaining
the same.

2. NOTICE OF LIEN NECESSARY.— As between the attorney and his
client, nothing is required to render such lien complete, though to
render the same valid, as against the judgment debtor, he must
have notice, prior to the settlement of the judgment, that the at-
torney's fees are unpaid in whole or in part, and that he relies
upon the judgment as security therefor.

3. JUDGMENTS AFFIRMED ON APPEAL — EXTENT OF THE LIABILITY OF
SURETIES.— When a judgment appealed to the supreme court has
been affirmed, the sureties on the appeal bond are liable thereon in
a sum not exceeding its penalty, to the extent of their principal's
liability by virtue of the judgment.

*Appeal from Lake County Court.*

Mr. H. B. JOHNSON and Mr. J. L. MURPHY, for appel-
lants.

Messrs. TAYLOR & ASHTON, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This is an appeal from an order of the county court
sustaining a demurrer to the amended complaint. The
sole ground stated in the demurrer is "that said com-
plaint does not state facts sufficient to constitute a cause
of action." Appellants were plaintiffs below. It appears
from the amended complaint, *inter alia*, that in 1880
and 1881 said plaintiffs were duly licensed and practicing
attorneys at law in this state, as copartners, under the
firm name of Johnson & Murphy; and that during said
period, as such attorneys, they were retained by and
brought suit for one Annie Murray against one William
Nye, and recovered a judgment in her favor against said
Nye, in the district court of Lake county, for the sum of
$6,000. Said Nye appealed said judgment to the supreme
court of Colorado, and for that purpose executed and
filed an appeal bond, as ordered by said district court,
conditioned that said Nye should prosecute the appeal
with diligence, and pay said judgment to the extent of

$3,000, should the same be affirmed, and otherwise conditioned according to law; and Samuel McMillan, Charles Mater and William Boesch became sureties thereon.

Nye having failed to prosecute his appeal, appellants, as attorneys of Murray, procured an affirmance of the judgment in the supreme court, according to the usual practice. Thereupon appellants brought an action against Nye, asserting a lien on said judgment for their reasonable compensation in obtaining the same; also averring that said Murray was not made a party to said last-mentioned action, because she disclaimed any interest in said judgment; that in said action judgment was rendered in favor of appellants, against said Nye, for $750 damages and costs. And it was decreed that plaintiffs have a lien on said first-mentioned judgment therefor; that said last-mentioned judgment remains in full force, unsuperseded and wholly unpaid.

The further averments of the amended complaint, by which its sufficiency must be determined, read as follows: "That the said Murray never paid plaintiffs anything for their services in commencing and conducting said proceedings and obtaining said judgment as aforesaid, and plaintiffs always looked to said judgment, and their lien thereon, for their compensation for their services aforesaid; that the said Murray compromised and released said judgment to said Nye for the sum of $800; that said compromise was made by said Murray and said Nye without the consent or knowledge of plaintiffs, or either of them, and with the mutual intent on the part of said Murray and Nye to cheat and defraud plaintiffs out of their just compensation for their services aforesaid; that said settlement of said judgment was made by said Nye with full notice and knowledge that plaintiffs had received nothing for their services, and that they claimed a lien thereon therefor; that no part of said judgment has ever been paid by said Nye, other than said sum of $800; that upon making said settlement said Murray left

the state of Colorado, and has since been residing at some place unknown to plaintiffs, and has ever since disclaimed any interest in said judgment; that said Nye is wholly insolvent, and has no property out of which said judgment, or any part thereof, can be collected by execution."

Appellees, McMillan, Mater and Boesch, sureties on the appeal bond for Nye, as aforesaid, were defendants below, and interposed a general demurrer to the complaint, with the result above stated. Appellants assign for error the ruling of the court upon the demurrer.

The section of the statute upon which the action is founded reads as follows: "All attorneys and counselors at law shall have a lien upon any money or property in their hands or upon any judgment they may have attained [obtained] belonging to any client, for any fee or balance of fees due, or any professional services rendered by them in any court of this state; which said lien may be enforced by the proper civil action." Gen. St. ch. 6, § 17.

Appellants having obtained for their client, Murray, the judgment against Nye, the statute immediately invested them with a lien thereon to the extent of their reasonable fees, remaining due and unpaid, for professional services rendered by them in obtaining the same. As between appellants and their client, nothing remained to be done to render such lien complete; though, to render the same valid as against the judgment debtor, he must have notice that their fees were unpaid in whole or in part, and that they relied upon the judgment as security therefor. No particular form of notice being provided by the statute, the common-law rule of notice prevails. *Smelting Co. v. Pless*, 9 Colo. 112; *Filmore v. Wells*, 10 Colo. 228.

On the affirmance of the judgment against Nye, and his default in the payment or legal satisfaction thereof, appellees, as his sureties, became liable on the appeal bond, in a sum not exceeding its penalty, to the extent

of their principal's liability by virtue of the judgment. If, prior to his settlement with Murray, Nye had full notice and knowledge that appellants had received nothing for their services, and that they claimed the benefit of the lien given them by the statute on the judgment, as alleged in the complaint, then he could not deprive appellants of such lien by making a settlement with Murray without their consent, and with intent to cheat and defraud them of just compensation for their services in obtaining the judgment.  Averments to this effect were substantially set forth in the complaint, as we have seen.  A satisfaction of the judgment by fraudulent collusion between Nye and Murray, under such circumstances, would be unavailing, as against the interest of appellants in the judgment, either as a protection to Nye or to appellees, as his sureties on the appeal bond. *Young v. Dearborn,* 27 N. H. 324.

It was unnecessary to allege in the complaint that appellants have a lien upon the judgment.  Such allegation would have been but the averment of a legal conclusion resulting from the facts pleaded.  The action was brought to enforce the liability of the sureties upon the appeal bond, in favor of the real parties in interest therein.  The complaint, though not in form like a common-law pleading, was sufficient in substance to show such liability; and the demurrer thereto, being general, should have been overruled.  If appellees had a defense to the action, either in whole or in part, they should have answered the complaint either by way of traverse or by way of confession and avoidance.  It was error to sustain the demurrer.  The order sustaining the demurrer is accordingly reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*