## No. 14,488.

### DE BIT, SR., ET AL. *v.* HOWARD.

(108 P. [2d] 1053)

Decided November 18, 1940.   Rehearing denied January 6, 1941.

Mr. PHILIP HORNBEIN, Mr. HAROLD J. SPITZER, for plaintiffs in error.

Mr. ROBERT L. GEE, Mr. WINSTON S. HOWARD, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

SUIT by defendant in error, Howard, an attorney, to foreclose attorney's lien. The trial court allowed the foreclosure and entered judgment against plaintiffs in error for $1,666.16. Plaintiffs in error seek reversal on writ of error. Parties will be referred to by name.
Preliminary to the time when the cause was at

issue on error here, Howard filed motions to dismiss the writ and strike the bill of exceptions because no application for a new trial was made below within the time allowed; which motions were denied with leave to reargue on final hearing. We now deny those motions because there is in the record an order by the trial court dispensing with a new trial, which order—though challenged because no application for it was made in time—the court was justified in entering under the circumstances, there being purely a question of law involved. *Ahart v. Sutton,* 79 Colo. 145, 244 Pac. 306.

Counsel for the de Bits admit the relationship of attorney and client between Howard and parties by the name of Reusink for whom Howard brought suit against the de Bits to recover approximately $35,000 in property which the de Bits had allegedly persuaded the Reusinks to convey to them in consideration of spiritual blessings to come to them (the Reusinks). Said counsel also admit there was a contract of employment and that the lien statute, chapter 14, section 14, '35 C. S. A., was complied with in the giving of notice, etc. The contract of employment between Howard and the Reusinks provided, inter alia, that Howard was to receive "33⅓ per cent of all money or the value of any property received in settlement or payment of said claims." This agreement was dated July 15, 1936. Suit was immediately filed and summons served on the de Bits as defendants.

July 30th, 1936, the Reusinks and the de Bits compromised and settled the suit "in consideration of the promises of the parties of the first part [the de Bits] that they will pay unto the parties of the second part the sum of $5,000, which sum is hereby admitted by the said parties of the first part to be their just obligations to said parties of the second part, and in further consideration of the promises of the parties of the first part that they will keep and provide for the living expense of the parties of the second part until the obliga-

tion is fully discharged \* \* \*"; and for the further consideration that the suit be dismissed.

Howard, in seeking to collect his fee, brought suit against all the parties to this agreement. The Reusinks never filed an answer, but the de Bits demurred and denied generally. After overruling the demurrer, a trial was had and judgment entered as indicated, on the theory that the $5,000 was due and payable now, although the court specifically found that nothing had been paid.

The principal argument set forth for reversal is that since nothing has been paid there is nothing to which the attorney's lien can attach, and a very strong brief is submitted in support of the contention. However, we consider it largely academic. The record shows it is now over four years since the parties agreed on the settlement, and regardless of whether any payments have been made to the Reusinks, the fact remains that the terms of Howard's contract called for one-third "of the value of any property received in settlement." We assume that under the contract of settlement the de Bits have provided for the living expenses of the Reusinks during the past four years, which material provision, we think, constitutes valuable property, and one covered by Howard's contract of employment.

The de Bits are in nowise prejudiced by the judgment. Counsel agree that if and when the attorney's fee is liquidated, the $5,000 debt due and owing to the Reusinks by the de Bits shall be reduced by the amount so paid.

"A lien on the proceeds of litigation should be declared in favor of an attorney in a cause where equitable considerations require that such lien be recognized." 7 C. J. S. 1144.

Judgment affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Burke concur.