HENDRY, Judge.
This is an interlocutory appeal by the former wife from a post-divorce order by the trial court directing her to pay an attorney’s fee of $2,000 to counsel for her ex-husband.
It is the appellant’s contention that the trial court erred in denying her motion to defer a hearing on the ex-husband’s petition for attorney’s fees because the wife retained new counsel approximately one week before the hearing and counsel did not have adequate time to prepare for the hearing.
However, it is clear from the record that notice of the hearing was served on appellant’s former counsel approximately nine weeks prior to the hearing. We do not think that under the facts of this case the trial judge has been shown to have abused his discretion by denial of a continuance. See, 7 Fla.Jur. Continuances § 6.
By a second point on appeal, the appellant argues that there is no statutory authority to order her to pay an attorney’s fee and even if there is authority, the court erred by failing to take testimony of the parties’ relative ability to pay the fee.
The fee awarded to counsel for the appellee herein was for services rendered in securing for the four minor children of the parties certain trust funds which were entrusted to the appellant by the final decree of divorce entered on June 7, 1968. Clearly, there is statutory authority supporting the award of an attorney’s fee in this instance. See, Fla.Stat. § 61.16, F.S. A.
The appellant has not provided this court with any of the testimony which the trial court heard prior to awarding the husband’s attorney the fee in question. In the absence of a showing that the court abused its discretion by awarding the attorney’s fee, it is not the province of the appellate court to disturb such an award. Therefore, we decline to assume that the trial court failed to consider the relative financial resources of the parties as provided by the statute.
For the reasons stated, the order appealed is affirmed.
Affirmed.