430 So.2d 927 (1983)
Alfred R. BESADE, Jr., Appellant,
v.
Linda R. BESADE, Appellee.
No. 82-994.
District Court of Appeal of Florida, Third District.
April 19, 1983.
Rehearing Denied May 23, 1983.
Koppen & Watkins and George M. Evans and George J. Lott, Miami, for appellant.
Schwartz, Klein, Steinhardt & Weiss, Miami, for appellee.
Before NESBITT and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
In the final judgment of dissolution, the wife was awarded custody of the minor children. Subsequently, that provision of the judgment was modified and custody awarded to the paternal grandparents. Several years later, the wife filed a petition for custody of the minors. The husband actively defended the petition for change of custody which, after a hearing, was granted. The wife's attorneys were then awarded fees for their services. Under these circumstances, Section 61.16, Florida Statutes (1981) clearly empowered the court to require the husband to pay the wife's attorneys' fees.
We are unable to consider the remaining points on appeal regarding: (a) the wife's financial ability to pay her own attorneys; or (b) the reasonableness and propriety of the fees awarded, because no record of the evidentiary hearing was made nor has any substantial record thereof been provided to the court. Fla.R.App.P. *928 9.200(a)(3); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Blynder v. Blynder, 294 So.2d 717 (Fla. 3d DCA 1974).
Affirmed.