In re the MARRIAGE OF Sherry D. SMITH, Appellee,

and

Leroy M. Smith, Appellee,

And Concerning: Debra A. Halperin, Lien Claimant-Appellant.

No. 82CA0164.

Colorado Court of Appeals, Div. I.

Aug. 2, 1984.

**520**

Kidneigh, Hughes, Pelz, Leach & Clikeman, P.C., Gay Niermann, Denver, for appellee Leroy M. Smith.

Dominick & Halperin, Debra A. Halperin, Boulder, for Lien claimant-appellant.

No appearance for appellee Sherry D. Smith.

PIERCE, Judge.

In this proceeding to enforce an attorney's charging lien, the lien claimant, Debra A. Halperin, seeks to reverse the trial court's order which denied her claim. We reverse.

The record reflects the following facts. Wife retained claimant as her attorney in an action to dissolve her marriage, the petition for which was filed in December 1978. In October 1979, each of the parties requested their attorneys of record to withdraw from the case.

On November 13, 1979, claimant filed notice with the district court and gave notice to both husband and wife of her intent to claim an attorney's lien for payment of wife's attorney's fees.

On November 16, claimant filed her motion to enforce her attorney's lien.

Thereafter, husband transferred $8,000 to wife in exchange for wife's quitclaim deed to husband conveying certain real property to him. Subsequently, wife depleted her cash reserves.

On December 17, the trial court entered a decree dissolving the marriage between husband and wife which incorporated the separation agreement between the parties. The separation agreement was executed by the parties on the same day.

Subsequently, claimant sought to enforce her claim against husband in the dissolution action under procedure approved in *Gee v. Crabtree*, 192 Colo. 550, 560 P.2d 835 (1977). The district court denied her motion.

Claimant asserts the trial court erred when it denied her motion to enforce her claim against husband. We agree.

■ An attorney's lien begins to accrue from the moment of commencement of services. *People ex rel. MacFarlane v. Harthun*, 195 Colo. 38, 581 P.2d 716 (1978); *Dankwardt v. Kermode*, 68 Colo. 225, 187 P. 519 (1920). It may then be enforced against any monies or property due and owing the attorney's client who receives judgment and is a lien on those items. Sections 12–5–119 and 12–5–120, C.R.S.; *People ex rel. MacFarlane v. Harthun*, *supra*. Therefore, the lien here became enforceable against the judgment entered on December 17, 1979.

■ The lien is chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future. *See People ex rel. MacFarlane v. Harthun*, *supra*; *Johnson v. McMillan*, 13 Colo. 423, 22 P. 769 (1889); *Boston & Colorado Smelting Co. v. Pless*, 9 Colo. 112, 10 P. 652 (1885); *County Commissioners v. Berkeley Village*, 40 Colo.App. 431, 580 P.2d 1251 (1978). It may not, however, exceed the award received by the claimant's client under the judgment. *In re Marriage of Stewart*, 632 P.2d 287 (Colo.App.1981).

■ Here, husband, wife, and the court had notice of claimant's intent to enforce a lien prior to husband's transfer of $8,000 to wife. These funds, even though transferred prior to judgment and thereafter depleted by wife, were part of the proceeds awarded to wife when the court approved the property settlement as part of the judg-

ment. Therefore, because husband was given notice that the lien would become enforceable against any money and property awarded wife as a part of the judgment, we hold that, on equitable principles, husband cannot avoid enforcement of this claim for payment by transfer of property in anticipation of the approval of the settlement agreement by the final decree. *See de Bit v. Howard,* 107 Colo. 51, 108 P.2d 1053 (1940).

With the disposition of this issue, we need not address the remaining contentions claimant raises.

The order is reversed and the cause is remanded with directions to grant claimant's motion to enforce the claim against husband in such amount as the claimant may prove was reasonable and owed to her by the wife for her services in this dissolution action.

SMITH and TURSI, JJ., concur.