BASKIN, Judge.
Holland International, Inc. [Holland] appeals a summary final judgment entered in favor of appellee Pollack in its action to recover damages resulting from Pollack’s alleged breach of an oral sales contract. Holland also appeals the court’s award of attorney’s fees to Pollack and denial of attorney’s fees to Holland.
The order granting attorney’s fees to Pollack, presumably based upon section 57.105, Florida Statutes (1983), fails to contain a finding by the trial court that there was a complete absence of a justiciable issue, a technical deficiency undermining the validity of the order. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982); Sheriff of Alachua County v. Hardie, 433 So.2d 15 (Fla. 1st DCA 1983). We therefore follow the interpretation of Whitten applied by other Florida appellate courts, Hardie; Strothman v. Henderson Mental Health Center, 425 So.2d 1185 (Fla. 4th DCA 1983); Apgar & Markham Construction of Florida, Inc. v. Macasphalt, Inc., 424 So.2d 41 (Fla. 2d DCA 1982), decline Pollack’s invitation to depart from their precedent, and reverse the award of attorney’s fees against Holland.
The inadequacy of the record on appeal precludes review of the remaining orders. See e.g., Applegate v. Barnett Bank of Tallahassee, 371 So.2d 1150 (Fla. 1979); Joa Corp. v. Lamerica Realty Co. of Miami, 435 So.2d 972 (Fla. 3d DCA 1983); Besade v. Besade, 430 So.2d 927 (Fla. 3d DCA 1983); Okun v. Stuart House Condominium Association, Inc., 362 So.2d 713 (Fla. 3d DCA 1978).
Order granting Pollack attorney’s fees reversed; summary final judgment and order denying Holland attorney’s fees affirmed.