522 So.2d 547 (1988)
Roger HUTCHINS, Appellant,
v.
Yvonne HUTCHINS, Appellee.
No. 87-1234.
District Court of Appeal of Florida, Fourth District.
March 30, 1988.
*548 Martin L. Haines, III, North Palm Beach, for appellant.
John L. Avery, Jr., Jupiter, for appellee.
PER CURIAM.
Appellant, the husband in a dissolution proceeding, appeals the trial court's order, enforcing an attorney's charging lien against him. We affirm.
On January 6, 1986, the wife, represented by John L. Avery, Jr., filed a petition for dissolution. The petition included a request for temporary and permanent costs and attorney's fees. The husband, represented by Martin L. Haines, III, filed an answer and counterpetition, which also included a request for attorney's fees.
On March 25, 1986, Avery filed a motion to withdraw, stating that the wife had shown dissatisfaction with his services and had stated that she would not pay his fees. On April 16, 1986, he filed a notice and claim of attorney's charging lien, claiming $1,373.75 due for services rendered on behalf of the wife. On May 7, 1986, the court approved a stipulation for substitution of counsel, substituting attorney Joel Weissman for Avery on behalf of the wife.
Thereafter, Weissman and Haines, without notice to Avery, negotiated a settlement of the entire case which was approved by the court. A final judgment of dissolution was rendered in accordance with the settlement, providing, inter alia, that:
[i]n full satisfaction of the wife's claims for alimony and equitable distribution of the assets acquired and/or accumulated during this marriage, the husband shall pay the wife on Friday, August 22, 1986, the sum of $7,500. Said check shall be made payable to Joel M. Weissman trust account and shall be disbursed by the wife's attorney immediately upon receipt.
The final judgment also stated:
Each party will pay his or her respective attorneys' fees and court costs.
Weissman thereafter disbursed the $7,500 but did not make any payment to Avery, who subsequently filed a motion to obtain judgment for his charging lien against both parties, which was granted by the trial court.
The husband does not contest the reasonableness of the amount of Avery's fee, nor does he contend that the charging lien cannot be imposed against the wife. He does, however, assert that the lien cannot be enforced against him in view of the terms of the settlement and final judgment. We disagree.
We approve and adopt the order of the trial court now being appealed which read, in its material parts, as follows:
The court herewith confirms findings previously noted on the record:
1. The former husband did not contest the reasonableness of the amount claimed, $1,373.75.
2. Long before the final judgment in the cause was entered, Mr. Avery filed a notice of his charging lien, (docket number 42).
3. Thereafter, the case was set for trial, but not reached on the trial docket. Next, one of the parties filed an interlocutory motion for contempt. Just before that hearing, the parties and their attorneys, Mr. Weissman and Mr. Haines, decided to settle the whole case. They announced the settlement to the court at the time which had been reserved for the motion for contempt. By the agreement of the parties, the court proceeded to hear the necessary *549 evidence and entered a final judgment consistent with the parties' settlement agreement. Mr. Avery was given no notice of the contempt hearing nor any notice that the matter would, on that date, proceed to final judgment. Accordingly, he had no chance to assert his lien rights at that hearing.
The parties have relied mainly upon three cases. Mr. Avery relies upon Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943). The former husband relies upon Sinclair, etc. and Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983) and Kozich v. Kozich, [501 So.2d 1386] (4th DCA 1987).
Concerning these cases, it is important to note that in both Sinclair and Kozich, the attorney did not file a notice of lien until after final judgment. The court is of the view that this distinction is all-important. In our case, Attorney Avery has done what the law requires him to do by filing his notice. There is nothing else that he was required to do in order to put the parties on notice.[1] They "settled the case out from under him" as was the case in Miller v. Scobie.
That case holds:
"We do not deny the right of litigants to settle controversies out of court, but any such settlement without the knowledge of or notice to counsel, and the payment of their fees is a fraud on them whether there was an intent to do so or not." (emphasis added)
The court believes that that admonition is absolutely controlling in a case like this in which the notice of the lien claim was given before the settlement was reached.[2]
Accordingly, it is ADJUDGED that John L. Avery, Jr., recover from Roger Hutchins the sum of $1,373.75, for which
let execution issue. The court notes that this liability is joint and several with the judgment in favor of Mr. Avery against Yvonne Hutchins as entered on January 29, 1987.[3]
We are not in conflict with any decision of this state's highest court, nor of this court, in applying the following principle recited in In re the Marriage of Smith, 687 P.2d 519, 520-21 (Colo.Ct.App. 1984), to the present case:
The lien is chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future.
Here, husband, wife, and the court had notice of claimant's intent to enforce a lien prior to husband's transfer of $8,000 to wife. These funds, even though transferred prior to judgment and thereafter depleted by wife, were part of the proceeds awarded to wife when the court approved the property settlement as part of the judgment. Therefore, because husband was given notice that the lien would become enforceable against any money and property awarded wife as a part of the judgment, we hold that, on equitable principles, husband cannot avoid enforcement of this claim for payment by transfer of property in anticipation of the approval of the settlement agreement by the final decree. See de Bit v. Howard, 107 Colo. 51, 108 P.2d 1053 (1940).
(Citations omitted.)
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] "There are no requirements for perfecting a charging lien beyond timely notice." Sinclair, etc. and Zavertnick, P.A. v. Baucom, at page 1385. "The requirements for perfection of this lien are not statutorily imposed." Sinclair, etc. and Zavertnick, P.A. v. Baucom, at page 1384.
[2] Sinclair can be further distinguished. In Sinclair, the court notes that the claiming attorney's own client is abiding by the terms of the settlement which make her liable for his fees. The court says further, "We are convinced that in its desire to continue the litigation, petitioner wishes only to preserve for its client the greatest possible benefits of the settlement." That factor is not present in the case at hand.
[3] Mr. Avery asserts that Mrs. Hutchins is "long gone to parts unknown" and there was no argument made by the ex-husband that he (Mr. Avery) can collect on his judgment against her.