RYDER, Acting Chief Judge.
Appellant, Bonnie S. Newton, is the former attorney for Kathleen Kiefer. Appellant represented Mrs. Kiefer in her dissolution of marriage action against John Kiefer by filing the initial petition, answering Mr. Kiefer’s counter-petition, drafting the order on temporary support, conducting discovery, and conducting settlement negotiations. On May 23, 1988, appellant obtained a court order granting her motion to withdraw from the case. On May 27, 1988, appellant filed a “Notice of Attorney’s Charging Lien” for fees and costs owed by Mrs. Kiefer in the still pending dissolution action. Appellant served this upon Mrs. Kiefer and upon Mr. Kiefer’s attorney.
After a hearing, the trial court rendered the final judgment of dissolution in Keifer v. Kiefer on August 12, 1988. - Appellant was not present at the hearing. At the suggestion of Mrs. Kiefer’s new counsel and Mr. Kiefer’s counsel, the trial court discharged appellant’s lien on the ground *728 that she had not filed a motion to adjudicate the lien. The final judgment contains the discharge of appellant’s charging lien. Appellant challenges that final judgment of dissolution on the ground that her lien was improperly discharged. We agree.
A charging lien is an attorney’s equitable right to have costs and fees owed for legal services secured by the judgment or recovery in the lawsuit. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla.1983). There are no statutorily imposed requirements to perfect the lien. Rather, the lien an attorney imposes on the fruits of his or her industry is founded in equity and justice, and the requirements for perfection have developed in case law. Id. at 1384-85.
Under established case law, in order for an attorney to impose a charging lien there must be: (1) a contract between the attorney and the client; (2) an express or implied understanding that payment is either dependent upon recovery or will come from the recovery; (3) an attempt by the client to avoid paying the fee or a dispute as to the amount of the fee; and (4) timely notice. Id. at 1385. See also Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986). In order to perfect the charging lien, there are no requirements “beyond timely notice.” Sinclair v. Baucom, 428 So.2d at 1385. Appellees concede that appellant fulfilled all three requirements for the imposition of the lien, but failed to timely perfect the lien. We do not agree.
Appellant fulfilled the only requirement to perfect her lien by giving timely notice. Appellant filed her notice of charging lien four days after the trial court granted her motion to withdraw from the still pending case. At that time, she also served the notice upon her former client and the opposing attorney. All that appellant was required to do was notify her former client in some way, before the close of the original proceeding, that she intended to pursue the charging lien. Daniel Mones at 561.
Although appellant could file suit against her former client to collect her fees, this is not the preferred remedy. Proceedings at law by an attorney against a client for fee collection are disfavored. Rather, the best method of protecting the attorney's right to fees while also protecting the confidential nature of the attorney-client relationship is to enforce the charging lien in the proceeding from which it arises. Sinclair v. Baucom, 428 So.2d at 1385. Even though the trial court could not adjudicate the charging lien at the final hearing because appellant was not present, it should have reserved jurisdiction in the final judgment to do so in the future.
Because appellant perfected her charging lien by providing timely notice, we reverse and remand with instructions for the trial court to conduct an evidentiary hearing.
Reversed and remanded with instructions.
SCHOONOVER and PATTERSON, JJ., concur.