704 So.2d 618 (1997)
GAEBE, MURPHY, MULLEN & ANTONELLI, Appellant,
v.
Joseph BRADT, American Vehicle Insurance Company, and Richard Cuminale, as Personal Representative of the Estate of Donna G. Cuminale, deceased, Appellees.
No. 97-0094.
District Court of Appeal of Florida, Fourth District.
October 29, 1997.
Rehearing Denied December 3, 1997.
Michael A. Mullen and David Kleinberg of Gaebe, Murphy, Mullen & Antonelli, Coral Gables, for appellant.
Robert L. Teitler of Walton Lantaff Schroeder & Carson, Miami, for appellees Joseph Bradt and American Vehicle Insurance Company.
POLEN, Judge.
A law firm which sought to impose a charging lien against its former client appeals from an order denying its motion to enforce the charging lien against the tortfeasor/insurance carrier, and taxing costs against the firm. Because the trial court erroneously found no evidence of notice of the lien to the tortfeasor/insurance carrier, we reverse.
The law firm of Gaebe, Murphy, Mullen & Antonelli, P.A. (Gaebe) represented Richard Cuminale in a wrongful death action against Joseph Bradt. Gaebe later withdrew from the representation of Cuminale, and subsequently filed an attorney's charging lien. A notice of the charging lien was sent to Cuminale via certified mail, return receipt requested. Gaebe claims that Bradt's attorney was sent copies of the charging lien via regular U.S. mail. The attorney testified however, that he never received this mailing.
Subsequent to the filing of Gaebe's charging lien, Cuminale retained a second attorney, Daniel D. Dykema, who settled with *619 Bradt's automobile insurance carrier, American Vehicle Insurance Company, for the $10,000.00 policy limits. In a letter to the attorney for American Vehicle, Dykema represented that the check for $10,000.00 could be payable directly to Cuminale because his firm was not taking a fee on the initial $10,000.00. In that letter, Dykema further represented that his predecessor counsel would not be entitled to any fees.
As a result of the settlement, the trial court entered an order dismissing the action. The dismissal was subsequently vacated and reissued to allow the court to entertain the attorney's charging lien. After finding that the attorney charging lien had been timely filed and perfected, the trial court granted Gaebe's motion to enforce the lien, and reserved jurisdiction to determine the amount of the lien as well as the parties against whom the lien would be enforced. Thereafter, Gaebe joined American Vehicle as an additional party-defendant. Following an evidentiary hearing, the trial court entered an order enforcing the lien solely as to Cuminale, finding no evidence proving that American Vehicle or Bradt had prior notice or knowledge of the attorney charging lien before the dismissal of the case. It is this determination, as well as various costs taxed against the firm, that Gaebe appeals.
Gaebe contends that the filing of the charging lien prior to the dismissal of the case and/or entry of judgment constituted timely notice and, thus, perfected the lien against Bradt and American Vehicle. We agree, and find that the trial court incorrectly denied enforcing Gaebe's lien against Bradt and American Vehicle, as there was evidence that Gaebe mailed notices, and case law only requires that notice be sent before the case is resolved. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983)(holding there are no requirements for perfecting a charging lien beyond timely notice); accord Hutchins v. Hutchins, 522 So.2d 547 (Fla. 4th DCA 1988). While we do not discourage litigants from settling their controversies out of court, "any such settlement without the knowledge of or notice to counsel, and the payment of their fees is a fraud on them whether there was an intent to do so or not." Hutchins, 522 So.2d at 549 (quoting Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (Fla.1943)).
Based on the foregoing, we also must reverse as to the court's imposition of costs against Gaebe. As there was no authority for the award, we find the same to be an abuse of discretion.
REVERSED and REMANDED to the trial court to enforce the lien against Bradt and American Vehicle in accordance with this opinion.
STONE, C.J., and SHAHOOD, J., concur.