722 So.2d 938 (1998)
Mark J. FELDMAN, Esquire, Appellant,
v.
NEW ALLIANCE INSURANCE COMPANY, Elena Tauler, Esq., and Daniel Bryant, Appellees.
No. 97-2323
District Court of Appeal of Florida, Third District.
December 23, 1998.
*939 Mark J. Feldman, P.A., Miami, Mark J. Feldman, Miami, and Michael J. Feldman, Coral Gables, for appellant.
Kubicki Draper, and Angela C. Flowers, Miami, for appellee New Alliance Insurance Company.
Before NESBITT, GREEN and FLETCHER, JJ.
PER CURIAM.
In the underlying case, attorney Mark J. Feldman represented Daniel Bryant in a breach of contract suit against New Alliance Insurance Company, the insurer of Bryant's automobile, following an accident in which Bryant's automobile was damaged. The action was filed two weeks after the accident; Feldman was discharged shortly thereafter. Feldman filed a charging lien to recover the attorney's fees due him. Bryant then hired Elena Tauler to represent him and the suit was ultimately settled. Both attorney Tauler and New Alliance refused to pay Feldman's attorney's fees. The trial court denied Feldman's motion for attorney's fees under the rationale that the suit against New Alliance was filed "prematurely" and did not actually help his client's position with respect to recovering insurance proceeds. This appeal followed.
It is undisputed that attorney Feldman provided some legal services to Bryant and that he established a charging lien relating to these services. Ultimately, the suit initiated by Feldman on Bryant's behalf resulted in a settlement with New Alliance favorable to Bryant. Certainly, Feldman was entitled to the reasonable value of the work he performed for Bryant. See e.g., Rosenberg v. Levin, 409 So.2d 1016 (Fla.1982); Sohn v. Brockington, 371 So.2d 1089 (Fla. 1st DCA 1979). Thus, the trial court erred in denying Feldman's motion for attorney's fees.
We reverse the order under review and remand for determination of the amount of attorney's fees due Mr. Feldman from the insurer and then for indemnification, if any.