GLICKSTEIN, HUGH S., Senior . Judge.
This is an appeal from an order denying enforcement of appellant’s charging lien. We reverse and remand.
The issue is whether there was a recovery to appellee in the guardianship proceedings before the trial court. We conclude that there was.
Appellant was representing appellee in his dissolution action and in the guardian *1220 ship of his daughter. The parties’ representation agreement gives appellant a hen upon any recovery, by trial or settlement.
After appellant filed its motion to establish and enforce the charging lien, appellee and his wife settled their disputes in both proceedings without participation of appellant. Thereafter, the trial court established the lien on any recovery by appellee but then found no recovery to exist.
Appellant’s position, unchallenged herein, is that the settlement provides for a release of supersedeas bond, of which approximately $150,000 was recoverable by appellee. In addition, the establishment of an irrevocable alimony and child support trust, funded by proceeds of a promissory note, relieved appellee of an obligation to pay over that amount in alimony and child support.
The actions initiated by appellant on appellee’s behalf resulted in a settlement with appellee’s wife favorable to appellee. Charging liens have been enforced in similar circumstances. See Feldman v. New Alliance Ins. Co., 722 So.2d 938 (Fla. 3d DCA 1998); see also Law Office of Sara Lawrence, P.A. v. Livingston, 702 So.2d 616 (Fla. 4th DCA 1997); Sharyn D. Garfield, P.A. v. Green, 687 So.2d 1388 (Fla. 4th DCA 1997).
As we said in Gaebe, Murphy, Mullen & Antonelli v. Bradt, 704 So.2d 618, 619 (Fla. 4th DCA 1997):
While we do not discourage litigants from settling their controversies out of court, “any such settlement without the knowledge of or notice to counsel, and the payment of their fees is a fraud on them whether there was an intent to do so or not.”
(Quoting Hutchins v. Hutchins, 522 So.2d 547, 549 (Fla. 4th DCA 1988) (quotation omitted)).
POLEN and SHAHOOD, JJ., concur.