STEVENSON, J.
Gordon C. Brydger, P.A., appeals an order denying its motion to satisfy an attorney’s charging lien as untimely. We reverse. Because Brydger’s notice of charging hen was filed in the original action prior to its termination, it was properly perfected. Additionally, Brydger promptly moved for a judgment on the charging lien once Brydger discovered that a final judgment had been entered without notice to him and without resolving the charging hen issue. We remand so that the trial court can determine the proper amount of the charging hen and impose the judgment against any responsible parties.
On April 25, 2000, Brydger filed a notice and claim for attorney’s charging hen and money judgment to secure fees owed by former wife, Adrienne Victoria Wolfe, in her dissolution action against former husband, Larry Charles Wolfe. A copy of the notice was sent to James M. Henderson, Esq., who was counsel for former husband at the time, and to former wife, who was then pro se.
On June 14, 2000, Brydger noticed Henderson and former wife that the claim for attorney’s charging lien and money judgment was set for an August 3, 2000 hearing. On June 30, 2000, by stipulation of counsel, Attorney Victoria A. Calebrese, Esq., was substituted as counsel of record for former husband. Following former husband’s change of counsel, the hearing set for August 3, 2000, was re-noticed for September 29, 2000. Notice resetting the hearing was sent to Henderson, now former husband’s ex-counsel, and to former wife.
At the September 29, 2000 hearing, the court orally granted the motion for charging hen, reserved jurisdiction to determine the reasonableness of the fees, and ordered Brydger to submit a proposed order *1076 reflecting its oral ruling. Neither former husband nor his counsel, Calebrese, attended the hearing, however, former wife was present and represented herself.
Three days later, on October 2, 2000, former wife and her new counsel, Eric S. Glatter, Esq., who was'retained during the three-day period following the hearing, went to mediation with former husband and Calebrese. Brydger was not given notice of the mediation. The parties reached an agreement at mediation which provided for a Plan A and a contingent Plan B. Plan B contemplated that both parties would pay Brydger’s fees for his representation of former wife.
On October 17, 2000, a final judgment of dissolution of marriage was entered by the court incorporating the mediation settlement agreement reached by the parties and reserving jurisdiction to enter orders relating to the enforcement of charging liens. On November 14, 2000, following entry of the final judgment, the court rendered its written order on Brydger’s motion it had orally granted on September 29, 2000, finding that Brydger was entitled to a charging lien.
In January of 2001, Brydger filed a motion claiming that he had just been made aware that the parties proceeded to final judgment without resolving his charging lien and sought an order determining the amount of charging lien and order satisfying the charging lien. Following a hearing on the motion, the trial court declined to determine the amount of the charging lien or require satisfaction of the charging lien on the grounds that the order granting the charging lien was untimely because it was filed on November 14, 2000, after the final judgment had been entered and because it had not reserved jurisdiction to enter such an order in the final judgment.
There is a fundamental difference between the perfection of a charging lien and the imposition of the lien on certain proceeds or property after it has been perfected. See Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 580 (Fla. 1st DCA 1993). “ ‘There are no requirements for perfecting a charging lien beyond timely notice.’ ” Id. (quoting Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383, 1385 (Fla.1983))(emphasis in original).
Thus, all that is required to entitle the attorney to perfect a charging lien “is for the attorney to file the notice of lien or otherwise pursue the hen in the original action” prior to its termination. Hannah v. Elder, 545 So.2d 503, 504 (Fla. 4th DCA 1989). So long as the notice of lien is filed before the case goes to final judgment or is dismissed, “ ‘The hen is chargeable against any person who, at the time notice of intent to claim a hen is given, holds monies or property which become proceeds of a judgment to be entered in the future.’ ” Hutchins v. Hutchins, 522 So.2d 547, 549 (Fla. 4th DCA 1988).
Id.; see also Heller v. Held, 817 So.2d 1023 (Fla. 4th DCA 2002), review denied, No. SC02-1510, 839 So.2d 698 (Fla. Feb.25, 2003); Gaebe, Murphy, Mullen & Antonelli v. Bradt, 704 So.2d 618 (Fla. 4th DCA 1997); Citizens & Peoples Nat’l Bank of Pensacola v. Futch, 650 So.2d 1008 (Fla. 1st DCA 1994); Newton v. Kiefer, 547 So.2d 727 (Fla. 2d DCA 1989); Wolfe v. Wolfe, 540 So.2d 901 (Fla. 4th DCA 1989); Hutchins v. Hutchins, 522 So.2d 547 (Fla. 4th DCA 1988).
Here, the record shows that notice was perfected as to both former wife and former husband. The notice of claim for charging lien and money judgment filed in the action and sent to former wife and former husband’s counsel, Henderson, on April 25, 2000, was ah that was required to *1077 perfect the claim of lien. We find no merit in former husband’s argument that the lien was not perfected as to him because the notice rescheduling the hearing was mistakenly sent to his former counsel, Henderson. By this time, the lien had already been perfected, and of course, Henderson’s knowledge would be imputed to former husband as their relationship had not been terminated at the time notice was sent on April 25, 2000. See In re Brugh’s Estate, 306 So.2d 599, 600 (Fla. 2d DCA 1975)(stating that “[generally an attorney is an agent for his client,” thus, notice given to the attorney is considered as notice to the client); see also Starling v. State, 799 So.2d 425 (Fla. 5th DCA 2001); Woodard v. Fla. State Univ., 518 So.2d 336 (Fla. 1st DCA 1987); State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980); Blynder v. Blynder, 294 So.2d 717 (Fla. 3d DCA 1974).
Moreover, Calebrese stated at the hearing that, on the morning of the mediation, former wife informed her of the hearing that had taken place on September 29, 2000, and that, as a result, she included the provision for Brydger’s fees in the settlement agreement. Thus, former husband was aware prior to the termination of the action that Brydger was making a claim for attorney’s fees. This was sufficient to put him on inquiry, which amounts in point of law to notice. See Applefield v. Commercial Standard Ins. Co., 176 So.2d 366 (Fla. 2d DCA 1965).
REVERSED and REMANDED.
KLEIN, J., and BAILEY, JENNIFER D., Associate Judge, concur.